NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **SIMON NICHOLAS RICHMOND,** | : | Civil Action No. 13-1953 (MLC) |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| | : | |
| **JIAWEI NORTH AMERICA INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ARPERT, Magistrate Judge**

This matter comes before the Court on a Motion to Intervene by non-party Coleman Cable Inc. ("Coleman"). See dkt. no. 71. Plaintiff Simon Nicholas Richmond ("Richmond") opposed the Motion. See Case No. 13-cv-1944, dkt. no. 59. The Court heard oral argument on January 16, 2014 and has fully considered the papers submitted. For the reasons set forth below, Coleman's Motion is **GRANTED**.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts and procedural history of this case are well known to the parties and need not be recited here at length. Briefly, Richmond has filed twelve lawsuits against various participants in the solar-powered garden light product industry. These lawsuits contend that various manufacturers, importers, suppliers, retailers, and others have infringed one or more patents developed and owned by Richmond.

Coleman is involved in three of these lawsuits. Richmond alleges that certain Coleman-branded MOONRAYS® solar powered garden light products infringe Richmond's asserted patents. In two cases, Case Nos. 13-cv-1951 and 13-cv-1959, Coleman is named as a defendant.

In another case, Case No. 13-cv-1954, Plaintiff has consented to Coleman's intervention. Here, Coleman seeks to intervene in order to defend allegations against Defendant True Value for selling a "Moonrays 92338 Solar Powered Color-Changing LED Doves with Crackle Globe Light", a Coleman-branded product. See Amended Compl., ¶ 55, at dkt. 5. Richmond refuses to consent to Coleman's intervention in this case.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 24, in pertinent part, provides:

> (b) PERMISSIVE INTERVENTION.
>> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>>> (A) is given a conditional right to intervene by a federal statute; or
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.

Pursuant to the Rule, a litigant seeking permissive intervention must establish (1) a timely application for intervention and (2) a common question of law or fact. Blue Ribbon Fuel Corp. v. American Safety Indem. Co., No. 2:12-cv-00749, 2013 WL 69353, *2 (D.N.J. Jan. 7, 2013). The decision to allow intervention is within the sound discretion of the Court. Brody v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992). In exercising its discretion, a court must "consider whether intervention would unduly delay or prejudice the adjudication of rights of the original parties." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 779 n.6 (3d Cir. 1994).

## III.     DISCUSSION

Coleman contends that it has satisfied the requirements for permissive intervention under Rule 24(b). See Coleman's Brief at pp. 2-4. As an initial matter, Coleman argues that its motion was timely filed, because this litigation is still in its initial stages. Id. at p. 4. Further, Coleman asserts that it has defenses that share common issues of law and fact with those of True Value.

Id. Indeed, Coleman claims that True Value was named as a defendant "merely in part because it is alleged to have re-sold the Coleman-Branded Accused Products." Id. at p. 4. Moreover, Coleman's presence does not impose any undue delay or prejudice with respect to the rights of the original parties. Id. As the "real party in interest" concerning the Coleman-branded products, Coleman maintains that it seeks relief at the litigation's inception and is prepared to defend its claims. Id. at p. 5. Finally, Coleman asserts that its intervention would be more efficient for the Court. Id.

Richmond opposes the motion primarily because of its concern that Coleman's intervention will result in claims of misjoinder by other Defendants. Under the America Invents Act, defendants may be joined in one lawsuit provided that a right to relief is asserted "relating to the making, using, importing into the United States, offering for sale, or selling of ***the same accused product*** . . . ." 35 U.S.C. §299(a)(1) (emphasis added). Thus, Richmond must assert claims against every defendant on a "same accused product" for purposes of joinder. In the 13-cv-1953 case, the "same accused product" is "a Color-Changing Ball Solar Stake Path Light." See Amend. Compl., ¶¶ 48-53, at dkt no. 5. This product is not sold by Coleman. In its additional infringement claims, however, Richmond alleges that True Value sells an infringing product, "Moonrays 92338 Solar Powered Color-Changing LED Doves with Crackle Globe Light", which is sold by Coleman. See Amended Complaint, 13-cv-1953, at ¶55.

The Court concludes that Coleman has satisfied the requirements of Rule 24(b), and thus may intervene in this matter. Coleman's Motion is timely, and it shares common issues of law and fact with True Value. The Moonrays 92338 product asserted in the 13-cv-1953 Amended Complaint is a Coleman-branded product. Coleman is already a named defendant in two other actions initiated by Richmond, and has intervened in a third involving substantially similar

issues.  <u>See, e.g.</u>, 13-cv-1951, 13-cv-1954, 13-cv-1959.  As such, the Court finds it appropriate that Coleman should intervene in this litigation as well.

At oral argument, Richmond expressed concern that Coleman's intervention would enable other Defendants to assert a misjoinder argument, since Coleman does not sell the asserted "same accused product."  The Court notes that no defendant filed opposition to Coleman's proposed intervention, and it appears that the defendants have acquiesced to Coleman's presence in this litigation.  More importantly, the Court is unaware of any decision that interprets 35 U.S.C. §299 as prohibiting the Court from adding a party pursuant to Rule 21. <u>See generally</u> Prof. David O. Taylor, Patent Misjoinder, 88 N.Y.U. L. Rev. 652, 720 (May 2013) ("A court would not be able to add a party using Rule 21 if the restriction on 'joinder' in the new statutory section applies to actions taken by courts.  A textual reading of the Act, however, supports the view that it does not limit the ability of courts to add parties pursuant to Rule 21."). Therefore, the Court finds that Coleman may permissively intervene in this matter.

## IV.     CONCLUSION & ORDER

The Court has considered the argument of counsel as well as the papers submitted and, for the reasons set forth above;

**IT IS** this 29th day of January, 2014,

**ORDERED** that Coleman's Motion to Intervene [dkt. no. 71] is **GRANTED**.


<u>s/ Douglas E. Arpert</u>
**DOUGLAS E. ARPERT, U.S.M.J.**